```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

```
ANDREW BRAXTON,                      )
                                     )
        Petitioner                   )
                                     )
     vs.                             )   Civil Action No.05-323
                                     )   Judge Gibson/
GEORGE PATRICK, Superintendent, and) Magistrate Judge Hay
COMMONWEALTH OF PENNSYLVANIA, THE    )
BOARD OF PROBATION AND PAROLE        )
                                     )
        Respondents                  )
```

## MEMORANDUM ORDER

Andrew Braxton, a state prisoner, has filed a Section 2254 habeas petition, seeking to be released on parole. His habeas petition was filed in September 2005. Doc. 3. The Board of Probation filed its answer. Doc. 6. Thereafter, Petitioner filed a traverse. Doc. 7.

The Parole Board granted Petitioner parole "ON OR AFTER 6/15/2004 TO AN APPROVED PLAN UPON THE FOLLOWING CONDITIONS . . . ." Doc. 3 at p. 5.[1] Although Petitioner was granted conditional parole, by the time he filed his habeas petition in September 2005, he had still not been released on parole more than one year after June 15, 2004. The reason for his not being released on parole was that his home plans all proved to be unsatisfactory. Doc. 3 at ¶¶ 2 & 7. The relief which Petitioner sought was to

---

[1] All references to page numbers are the page numbers generated by the computer on all scanned documents found in the upper right hand corner of the page.

have this court direct that he be "released from custody [i.e., released on parole] via home plan or C.C.C.[2] Center."  Doc. 7 at 2.

It has come to the court's attention that Petitioner may already have been released on parole to a Community Corrections Center ("C.C.C.").  Accordingly, the following order is entered:

**AND NOW** this 23rd day of May 2006, Petitioner is ordered to file with this court by June 9, 2006, a statement as to whether or not he has been released to a C.C.C. and, if he has been released to a C.C.C., why this case should not be dismissed as being moot[3] now that he has apparently obtained the very relief he seeks in this habeas proceeding.  Failure to comply with this order may result in the dismissal of this petition.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten (10) days from the date of service to file an appeal from this order to the District Court.  Any opposing party shall have seven (7) days from the date of service of the appeal to respond

---

[2] The Court assumes that Petitioner's reference to "C.C.C." is to a "community corrections center" which is, in essence, a half-way house by definition.  See 37 Pa.Code §§ 91.1 & 94.2.

[3] See, e.g., Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981) ("When all the relief sought has been obtained, there no longer exists a live controversy, and the case must be dismissed as moot."); Athridge v. Quiggs, 852 F.2d 621, 624 (D.C. Cir. 1988)("It seems clear that Athridge has obtained all the relief he is entitled to demand, and accordingly that his case is now moot.").

thereto.  Failure to timely file an appeal may constitute a waiver of any appellate rights.

```
                              /s/    Amy Reynolds Hay
                              AMY REYNOLDS HAY
                              United States Magistrate Judge
```

cc: Hon. Kim R. Gibson
    United States District Judge

    Andrew Braxton
    DV-2374
    SCI Houtzdale
    P.O. Box 1000
    Houtzdale, PA 16698-1000

    Scott Bradley
    Office of the Attorney General
    564 Forbes Ave.
    6th Floor, Manor Complex
    Pittsburgh, PA. 15219